1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   VAUGHN RAY BRADFORD,                    No. CIV S-07-0681-CMK-P

12                 Petitioner,

13          vs.                                              ORDER

14   D.K. SISTO, et al.,

15                 Respondents.

16   _____/

17                 Petitioner, a state prisoner proceeding with retained counsel, brings this petition

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the consent of the parties,

19   this case is before the undersigned for final decision on respondents' motion to dismiss (Doc.

20   13).

21                 This instant petition is petitioner's second habeas corpus case under 28 U.S.C.

22   § 2254.  His first habeas case was resolved on the merits against petitioner and the Ninth Circuit

23   authorized the filing of this second petition under the gatekeeper provision, 28 U.S.C.

24   § 2244(b)(3)(A).  In this second § 2254 petition, petitioner raises one new claim – that a juror

25   was actually biased and that the juror concealed the bias during voir dire.

26   / / /

                                                       1

1    In their motion to dismiss, respondents argue: (1) the claim raised in the second

2  petition fails to satisfy the requirements of § 2244 for a second or successive petition because

3  petitioner was not diligent in discovering the facts of his claim; and (2) the instant petition is

4  untimely because it was not filed within one year of discovering the factual predicate of the

5  claim.  Petitioner argues that the Ninth Circuit's order authorizing the instant petition to be filed

6  in this court forecloses respondents' arguments.

7    As to their argument that the instant petition fails to satisfy the gatekeeper

8  provision, respondents first point to 28 U.S.C. § 2244(b)(4), which provided that "[a] district

9  court shall dismiss any claim presented in a second or successive application that the court of

10  appeals has authorized to be filed unless the applicant shows that the claim satisfies the

11  requirements of this section."  According to respondents, this provision allows the district court

12  to re-visit the Ninth Circuit's order authorizing the filing of the petition.  Respondents argue:

13    In Nevius v. McDaniel, 104 F.3d 1120 (9th Cir. 1996), the Ninth
      Circuit concluded that the proper procedure under AEDPA was for the
14    Court of Appeal to authorize the filing of an entire petition in which a
      prima facie case for qualification under Section 2244(b) was established,
15    after which the district court could eliminate the claims that did not satisfy
      the requirements of the subsection.  Id. at 1121-1122.  Here, the Ninth
16    Circuit found that Petitioner had made a sufficient prima facie showing
      that this claim satisfied the Nevius standard.

17

18    Respondents misread Nevius.  In that case, the petitioner had sought authorization

19  from the Ninth Circuit to file a second or successive petition in the district court raising several

20  new claims.  After obtaining a response from the government and hearing oral argument, the

21  court concluded that, as to petitioner's new jury instruction claims, the petitioner had made a

22  prima facie showing that the challenged instruction was invalid based on a new rule of

23  constitutional law made retroactive on collateral review.  See id. at 1121 (citing 28 U.S.C.

24  § 2244(b)(2)(A)).  Based on this conclusion, the Ninth Circuit authorized the filing of petitioner's

25  entire second habeas petition.  See id.  Addressing the government's motion for clarification, the

26  Ninth Circuit explained that, under the gatekeeper provision, the Court of Appeals authorizes the

2

1    filing of an entire second or successive petition if the provision is satisfied as to at least one claim

2    in the petition.  See id.  The court contrasted this with § 2244(b)(4), which directs the district

3    court, upon the filing of an authorized second or successive petition, to examine the other claims

4    and to dismiss those which do not meet the gatekeeper requirements.  See id.  While, as

5    discussed below, the court agrees with respondents' proposition that § 2244(b)(4) allows the

6    district court to conduct its own gatekeeper review, Nevius does not necessarily support their

7    argument.

8          Next, respondents argue that petitioner has failed to make a showing that the facts

9    underlying the new claim, if proven, would establish that petitioner would not have been found

10   guilty but for a constitutional violation.  See 28 U.S.C. § 2244(b)(2)(B)(ii).  As the Supreme

11   Court observed in Calderon v. Thompson, § 2244(b)(2)(B)(ii) requires that ". . . the facts

12   underlying the [new] claim establish [the petitioner's] innocence by clear and convincing

13   evidence." 523 U.S. 538, 558 (1998).  Thus, the gatekeeper provision for claims based on newly

14   discovered evidence requires that the claim go to actual innocence.  Respondents argue that

15   petitioner's new claim does not satisfy this requirement because, while juror bias may have

16   resulted in a due process violation, it does not necessarily establish his actual innocence.  In other

17   words, even if petitioner's jury had not contained a biased juror, he still could have been

18   convicted of the crime.

19         By allowing the instant petition to be filed under the new evidence standard of

20   § 2244(b)(2)(B) – which contains the actual innocence requirement – it would seem that the

21   Ninth Circuit implicitly concluded that all the elements of the standard had been met, including

22   the actual innocence requirement of § 2244(b)(2)(B)(ii).  In the Ninth Circuit application for

23   leave to file a second or successive habeas petition in this court, petitioner argued:  "In this

24   matter a juror failed to disclose his bias towards petitioner during voir dire.  Thus petitioner was

25   denied due process, the right to present a defense, and the right to effective assistance of

26   counsel."  As to the actual innocence requirement, petitioner argued that he was the victim of

1    instructional error regarding the elements of voluntary manslaughter.  This was the first mention

2    of a new claim based on instructional error.[1]

3                    In authorizing the instant second or successive petition, it is safe to say that the

4    Ninth Circuit did not base its decision on a claim of instructional error because such a claim

5    would have been known to petitioner at the time of the initial state court trial and, as such, was

6    not the product of newly discovered evidence.  Petitioner never argued that any claim should be

7    allowed due to a new rule of constitutional law.  Thus, the Ninth Circuit must have been focusing

8    on petitioner's juror bias claim.  However, petitioner never made any argument as to whether the

9    facts of that claim demonstrated actual innocence, which is the second requirement of the

10   gatekeeper provision.  Nonetheless, the Ninth Circuit permitted the second or successive petition

11   to be filed.  Simply put, the Ninth Circuit appears to have erred in concluding that the juror bias

12   claim – purportedly based on new evidence – satisfies all the gatekeeper requirements.

13   Specifically, no showing was made as to whether the claim goes to actual innocence.  The Ninth

14   Circuit's order contains no analysis.

15                   While the instant second habeas petition does not present multiple claims such

16   that, under Nevius, this court should review claims not considered by the circuit court, 28 U.S.C.

17   § 2244(b)(4) nonetheless authorizes the district court to re-visit the gatekeeper requirements as to

18   the sole claim presented.  In particular, § 2244(b)(4) specifies that a district court ". . . shall

19   dismiss any claim . . . that the court of appeals has authorized . . . unless the applicant shows that

20   the claim satisfies the [gatekeeper] requirements. . . ."  (emphasis added).  Thus, this court may

21   conclude that a claim fails to meet the gatekeeper provisions notwithstanding an order from the

---

23   [1]       It is troubling that petitioner apparently raised two claims to the Ninth Circuit,
     arguing that the instructional error claim showed actual innocence, but the instant second or
     successive petition only raises the juror bias claim about which no actual innocence argument
24   was made to the Ninth Circuit.  This is especially troubling given petitioner's current argument
     that the Ninth Circuit order should foreclose respondents' motion to dismiss.  It seems that
25   petitioner baited the Ninth Circuit into granting relief by presenting two claims, then switched to
     just one claim – to which actual innocence could not apply – when he filed the instant second or
26   successive petition.

1   court of appeals allowing a second or successive petition.

2          Here, as to the sole claim of juror bias presented in the instant second petition,

3   petitioner cannot demonstrate that the facts underlying the claim establish his actual innocence.

4   Regardless of what those facts are, at best they establish juror bias.  However, as respondents

5   argue, an unbiased jury could still have convicted petitioner.  Thus, the claim fails to satisfy

6   § 2244(b)(2)(B)(ii).  Respondents' motion to dismiss should be granted for this reason.[2]

7          Respondents also argue that the instant second petition is untimely in that it was

8   not filed within one year of discovery of the underlying facts.  Because the claim fails to satisfy

9   the gatekeeper requirements, it is not necessary to determine whether it is timely.

10          Petitioner argues in opposition to respondents' motion that the issues raised in

11  respondents' motion are foreclosed by the Ninth Circuit's order allowing the second or

12  successive petition to be filed.  However, because the Ninth Circuit's order contains no analysis,

13  it is not possible to determine the basis of the Ninth Circuit's decision and, therefore, what was

14  and was not decided by that court.  Further, as discussed above, it appears that the Ninth Circuit's

15  implicit conclusion that all of the gatekeeper requirements were satisfied is wrong, at least with

16  respect to the actual innocence requirement of § 2244(b)(2)(B)(ii) as applied to the sole claim

17  raised in this case.  Finally, § 2244(b)(4) permits this court to re-visit the court of appeals'

18  authorization order.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  _____

25          [2]     This conclusion, which at first blush seems to contradict the Ninth Circuit's order, can be explained by petitioner's "bait and switch."  The case presented to this court is not the same case presented to the Ninth Circuit in that the instant petition does not raise any claim

26  based on instructional error, to which an actual innocence argument would apply.

Accordingly, IT IS HEREBY ORDERED that:

1.     Respondents' motion to dismiss (Doc. 13) is granted; and

2.     The Clerk of the Court is directed to enter judgment and close this file.


DATED:  December 20, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE